IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL THOMAS HUNTER, JR., #64764, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:22-CV-00363 ) ) JUDGE CAMPBELL |
| ANDREW HENRY, *et al.*, | ) MAGISTRATE JUDGE ) NEWBERN |
| Defendants. | ) |

## MEMORANDUM

Michael Thomas Hunter, Jr., a pre-trial detainee currently in the custody of the Montgomery County Jail in Clarksville, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Andrew Henry, a Clarksville Police Department (CPD) detective; E. Weaver, a CPD officer; "Unknown Named Officer", a Metro Nashville Police Department Field Training Officer (FTO); and "Unknown Named Officer," a Metro Nashville Police Department "rookie trainee." (Doc. No. 1). Plaintiff also filed a document entitled "42:1983 Prisoner Civil Rights", which the Court construes as a supplement to the complaint. (Doc. No. 4).

The complaint as supplemented is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

1

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us

2

to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

The complaint alleges that, on September 11, 2020, Detective Henry of the CPD told Plaintiff that he was "free to go" and "he would see [Plaintiff] in court on the 24th." (Doc. No. 1 at 12).

On September 12, 2020, Plaintiff's mother called him and told him that three Metro Nashville Police Department officers were at her apartment with a warrant for Plaintiff's arrest. Plaintiff drove to his mother's apartment, where the officers informed Plaintiff that they had a warrant for his arrest "out of Clarksville." (*Id*.) The officers transported Plaintiff to the Davidson County Sheriff's Office ("DCSO"). However, the DCSO was not accepting "Hold Only's", which the complaint defines as "offenders with holds from other counties or states with no local charges." (*Id*.) DSCO advised the officers to transport Plaintiff "back from where they came." (*Id*.)

Plaintiff asked the FTO if he was going to return Plaintiff to his mother's apartment, and the officer stated "that he was going to try something else." (*Id*. at 13). He called Detective Henry

and asked if they could meet somewhere. Detective Henry instructed the officer to meet "at the Shell gas station by the Mexican restaurant off Exit 31 in Cheatham County." (*Id*.) The FTO and another officer arrived as instructed. CPD officer E. Weaver arrived about twenty minutes later.

According to the complaint, E. Weaver did not inform Plaintiff that there was a warrant for him, the crime with which Plaintiff was charged, or that Plaintiff had a right to counsel. Further, no transfer of custody paperwork was signed or filed in Davidson County, and Metro Police did not submit a report of Plaintiff's arrest or transport.

Plaintiff seeks $5 million in compensatory and punitive damages.

## IV. ANALYSIS

The complaint names the following individuals as Defendants to this action: Andrew Henry, A CPD detective; E. Weaver, a CPD officer; "Unknown Named Officer", a Metro Nashville Police Department FTO; and "Unknown Named Officer," a Metro Nashville Police Department "rookie trainee." Each Defendant is sued in his official capacity only. (Doc. No. 1 at 2-3). The complaint alleges that Defendants violated Plaintiff's "14th Amendment rights Guaranteed: Privileges and Immunities of Citizenship, Due Process, and Equal Protection." (*Id*. at 3). In his supplement to the complaint, Plaintiff alleges that Defendants also violated various local and state laws. (Doc. No. 4).

### A. Federal Claims

"[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). It is clear from the complaint that Defendants Henry and Weaver represent the CPD and therefore Clarksville, Tennessee. The two John or Jane Doe Defendants represent the Metro Nashville Police Department and therefore stand in the shoes of the Metropolitan

Government of Nashville and Davidson County. *See Hall v. Metro. Gov't of Nashville & Davidson Cnty.,* No. 3:17-cv-01268, 2018 WL 305751, at *8 (M.D. Tenn. Jan. 5, 2018) (officer sued in her official capacity was a Metro employee, not a state employee); *Timmons v. Metro. Gov't of Nashville and Davidson Cnty.*, No. M2006-01828-COA-R3-CV, 2007 WL 2406132, at *5 (Tenn. Ct. App. Aug. 23, 2007) (finding that Metro could be liable under the Tennessee Governmental Tort Liability Act for the negligent acts of Metro Police Officers).

To state a Section 1983 claim against a governmental entity such as Clarksville, Tennessee, or Metropolitan Government of Nashville and Davidson County, a plaintiff must allege that the asserted constitutional deprivation he suffered was directly caused by a city/county policy or custom. *Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)). Stated differently, for either Defendant to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the complaint alleges that "[t]he Cit[ies] of Nashville and Clarksville violated [Plaintiff's] rights as a result of an official policy, an unofficial custom[,] and a failure to train or

supervise." (Doc. No. 1 at 13). However, the complaint does not identify what official policy or unofficial custom allegedly caused the violation of Plaintiff's federal constitutional rights.

Even so, "[a] systematic failure to train police officers adequately is a custom or policy which can lead to municipal liability." *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006) (citing *City of Canton*, 489 U.S. at 388). Under a "failure to train" theory of municipal liability, the plaintiff must show that (1) a training program is inadequate to the tasks that the officers must perform; (2) the inadequacy is the result of the defendant's deliberate indifference; and (3) the inadequacy is closely related to or actually caused the plaintiff's injury. *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 942 (M.D. Tenn. 2012) (citing *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008)).

To state a claim of deliberate indifference in the context of a failure to train claim, the plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the [municipality] had notice that the training was deficient and likely to cause injury but ignored it," or, in the absence of evidence of prior instances, "that the [municipality] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 562-63 (6th Cir. 2011) (internal citations omitted). Deliberate indifference based on a single violation of rights requires "a complete failure to train the police force, training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result." *Id.* at 567 (citing *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Claims of inadequate supervision or discipline are treated as failure to train claims. They require a showing of more than "a mere failure to act. Rather, the supervisors must have actively engaged in unconstitutional behavior." *Gregory*, 444 F.3d at 751.

Here, the complaint does not contain any allegations concerning Clarkville or Metro's failure to train or supervise other than a conclusory statement, which is insufficient to state a claim of municipal liability. The complaint does not reference "prior instances of unconstitutional conduct demonstrating that the [municipality or county] had notice that the training was deficient and likely to cause injury but ignored it," or, in the absence of evidence of prior instances, "that the [municipality or county] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Harvey*, 453 F. App'x 557, 562-63. The complaint simply does explain how either Defendant's failure to train or supervise caused a violation of Plaintiff's "14th Amendment rights Guaranteed: Privileges and Immunities of Citizenship, Due Process, and Equal Protection." (Doc. No. 1 at 3). Therefore, the complaint fails to state colorable claims under Section 1983 upon which relief can be granted against the individual Defendants in their official capacities which, as explained, are claims against Clarksville, Tennessee, and the Metropolitan Government of Nashville and Davidson County. These claims will be dismissed.

**B. Local and State Law Claims**

In the supplement he filed subsequent to the complaint, Plaintiff alleges that Defendants violated Section 16.05 of "The Charter of Nashville and Davidson County" as well as Tennessee Code Annotated Sections 40-9-119, 39-13-302, and 39-16-403. (Doc. No. 4 at 1). 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims. As such, any state law claims asserted by Plaintiff will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court. The Court makes no findings regarding the merit or timeliness of such claims.

## V. CONCLUSION

Having screened the complaint as supplemented pursuant to the PRLA, the Court finds that Plaintiff's federal claims must be dismissed for failure to state claims upon which relief may be granted under 42 U.S.C. § 1983. Plaintiff's Section 1983 claims and Defendants named with respect to those claims will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2). However, as to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction and will dismiss those claims without prejudice, should Plaintiff wish to pursue them in state court.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE